### †THOMAS CURRY V. CINCINNATI (CITY).

**1. CITY NOT OBLIGED TO USE GREATER CARE BY REASON OF PLAINTIFF'S ACTS.**

In an action against a municipality for damages alleged to have been caused by the negligence of the municipality in permitting water from the gutters of its streets to wash earth into certain excavations on the plaintiff's premises, it appeared that the plaintiff had made such excavations next to and adjoining certain premises that had been formerly used as a stone quarry, where stone had been quarried and the soil subsequently filled in to support the adjoining premises : *Held*, That plaintiff, in making such excavations, was bound to provide against the soil that had been so filled in as it then was, and the municipality was not bound to take any more care of this soil by reason of the plaintiff's having made such excavations than it was prior thereto, and that in the absence of negligence on the part of the municipality, plaintiff could not recover.

**2. CHARGE OF THE COURT SHOULD BE CONSIDERED AS A WHOLE.**

The charge of a trial court to a jury should be read and considered as a whole and all the parts thereof harmonized, if possible; and it will not do to isolate one or more clauses of a charge and give to them independent meanings, when, if taken in connection with other parts of the charge, they would have another meaning.

HEARD ON ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

This was an action in the court of common pleas of Hamilton county, for damages alleged to have been caused by the negligence of said city in permitting water and earth to flow upon plaintiff's property, by reason of which great damage was done to plaintiff's buildings. On the trial in the court of common pleas, the jury returned a verdict for the city, and this action is prosecuted in this court to reverse the verdict and judgment of that court.

According to the evidence, some twenty-two years ago, Dodd and others, being then the owners of the land in question, laid it out into lots and constructed a street on which the lots abutted, viz., Alpine Place. It also appears from the evidence that a certain triangular piece of ground, lying next to plaintiff's ground, and between the streets, Alpine Place and Nassau streets, was used as a stone quarry. The stone was removed and afterwards it being found necessary for the support of Alpine Place, the excavation was refilled with earth. After the street was built it was turned over to the city.

The plaintiff purchased this lot about ten years ago, and when the street and this triangular piece of ground was in the condition above described. The plaintiff's land, or lot, fronted on Nassau street, 50 or 75 feet, and ran back to Alpine Place, 90 or 140 feet, some part being sold to Mr. Baker. Afterwards plaintiff constructed two stables and carriage houses on the back part of this lot adjoining or near to Alpine Place. In constructing these stables he excavated down some twenty-five or thirty feet. Afterwards the floods came and washed the ground and the excavations now filled up by the street and the earth from the triangular strip, coming down and filling up the excavation, and this is the damage complained of. The claim of plaintiff was that it was caused by the negligence of the city in not protecting plaintiff's property from the loose earth filled in on the triangular piece, and in not properly taking care of the water that flows along the gutters in Alpine Place. The city claimed that the proximate cause of the injury was the excavation made by the plaintiff; that plaintiff

†This case was dismissed by the Supreme Court for want of preparation, Jan. 14, 1896; ⅃ LEGAL NEWS, 71.

Vol. IV. C. C. 35

had removed the natural support from the soil and had not properly provide against the earth which would naturally fall into the excavation.

Under these circumstances what are the rights of the parties? Of course who ever was negligent is liable for the damage. If the city permitted the gutters t get out of repair, and remain that way, and the water flowing over the gutter washed the dirt on plaintiff's stable and wrecked it, the city would be liable for its negligence—would be the proximate cause. On the other hand if this di not occur and the damage was caused by the plaintiff's making an impropel excavation under the circumstances as regards the soil as it was when he made i —the city would not be liable. The question was raised in argument as to th rights of the parties as to the triangular piece of ground, the earth from whicl fell into the excavation made by plaintiff.

When plaintiff bought his lot this piece of ground was in the condition that it was when the damage occurred. The stone had been quarried and the earth filled in. In making this excavation he was bound to provide against the earth as it was then, and the city was not bound to take any more care of this soil by reason of the plaintiff's having made his excavation than it did before. As a matter of course the city was bound in using this piece of ground, to use it in such a way as the soil required as it then was. In both cases the plaintiff and the defendant could not act towards this ground as it was originally with its rock foundation, but must treat it as earth filled in. When the plaintiff bought his lot, he knew or should have known that the rock had been removed, and he bought his lot subject to the known condition of this lot adjoining his. The question then for the jury was: Did the city negligently permit the water to flow over the gutters of Alpine Place and this triangular piece of ground onto the defendant by reason of which this damage was done? Or was the damage done by reason of the negligent way in which plaintiff constructed his buildings and excavation?

It was claimed in argument, that this was the main ground of error alleged, that the court did not properly charge the jury and that the charge given was not the law.

We see nothing in the charge inconsistent with the view of the rights of the parties above expressed, unless it be as to the second special charge asked by defendant and given by the court, which special charge was as follows: "If the damage would not have occurred but for the excavations made by Curry taking away the lateral support of the city's property, then there can be no recovery against the city." Standing alone as an independent proposition of law, we are of the opinion that this would not be a correct statement of the law, as applicable to the case on trial; but the court had just said to the jury "now if the city negligently allowed its water to run, as claimed by the plaintiff here in the case, and this trouble is traceable to the water running down Alpine Place over onto these premises, causing this injury, why the city would be liable for whatever trouble grown out of such negligence." The charge should be read as a whole, and the parts harmonized, if possible. It will not do to fish out a clause here and another there in a charge and give to them an independent meaning, when, if taken in connection with other parts of the charge, they would have another meaning. So in this case we are of the opinion that this second clause or charge given must be taken in connection with the other parts of the charge, and if so we do not see how the jury could have been misled, or that the law was incorrectly given.

We are therefore of the opinion that there is no error in the judgment of the court of common pleas, and the same will be affirmed.

*Matthews & Cleveland*, for plaintiff in error.

*Corporation Counsel, contra.*